**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Juan Jose Maravilla-Alvarez, | ) | No. CV 06-1022-PHX-SMM (CRP) |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Alberto G. Gonzales, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On November 2, 2006, Magistrate Judge Charles R. Pyle filed a Report and Recommendation advising this Court that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") (Dkt. 1) is denied on the grounds that (i) Petitioner's detention is authorized by 8 U.S.C. § 1226(c); (ii) 8 U.S.C. § 1231 does not yet apply; (iii) The holding in Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005) is not controlling in this case; and (iv) The indefinite duration of a once lawfully admitted alien who was refused admission upon his return to the United States does not violate the Constitution (Shaughnessy v. United States ex.rel. Mezei, 345 U.S. 206 (1953)). See Dkt. 16. Petitioner has filed Objections to Judge Pyle's Report and Recommendation. (Dkt. 22) After considering Judge Pyle's Report and Recommendation and Petitioner's Objections thereto, the Court now issues the following ruling.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

1  magistrate." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th

2  Cir. 1991). The Court must review the legal analysis in the Report and Recommendation *de*

3  *novo*. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report

4  and Recommendation *de novo* for those facts to which Objections are filed and for clear error

5  for those facts to which no Objections are filed. See id.; see also Turner v. Duncan, 158 F.3d

6  449, 455 (9th Cir. 1998) (failure to file objections relieves the district court of conducting *de*

7  *novo* review of the magistrate's factual findings).

8  **DISCUSSION**

9  Petitioner has objected to the November 2, 2006 Report and Recommendation filed by

10 Judge Pyle. (Dkt. 22.) Having reviewed each of Petitioner's filings and, thereafter, having

11 reviewed the Magistrate Judge's Report and Recommendation and the record de novo, the Court

12 finds that none of Petitioner's Objections are meritorious. With one exception (addressed infra),

13 Petitioner raises the very same issues in his Objections as those raised initially in his Petition,

14 his Reply to Respondent's Response in Opposition to his Petition, and his Reply to

15 Respondent's Corrected Response in Opposition to his Petition. (Dkts. 1,10, 12.)[1] Thus, the

16 Court hereby incorporates and adopts Judge Pyle's entire Report and Recommendation, with

17 the following additions:

18 **A.      Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953), Applies Here**

19 Petitioner challenges Magistrate Judge Pyle's determination that "[t]he indefinite

20 duration of a once lawfully admitted alien who was refused admission upon his return to the

21 United States does not violate the Constitution." See Dkt. 22 at 2, line 4, through page 3, line

22 13. The Court rejects this argument.

23

24

25     [1] The "due process" argument Petitioner raises at page 1, line 17, through page 2, line 3, was
previously raised in his Petition at page 8. See Dkt. 1 at 8; Dkt. 22 at 1:17-2:3. Petitioner's objection

26 to Judge Pyle's determination that Tijani v. Wills, 430 F.3d 1241 (9th Cir. 2005), is not controlling
was previously raised in his replies to Respondent's oppositions. See Dkt. 10 at 1; Dkt. 12 at 1-2; Dkt.

27 22 at 3-4. Having reviewed each of these contentions and Magistrate Pyle's resolution of these issues

28 de novo, the Court agrees with Judge Pyle. See Dkt. 16 at page 4, line 11, through page 6, line 26.

1    In <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the Supreme Court accepted the

2 Government's argument that, "from a constitutional perspective, alien status itself can justify

3 indefinite detention." <u>Id.</u> at 693 ("It is well established that certain constitutional protections

4 available to persons inside the United States are unavailable to aliens outside of our geographic

5 borders."). More importantly, in <u>Zadvydas</u>, the Supreme Court distinguished <u>Shaughnessy v.</u>

6 <u>United States ex rel. Mezei</u>, 345 U.S. 206 (1953) (<u>Mezei</u>), because "the alien's extended

7 departure from the United States required him to seek entry into" the United States again,

8 whereas the aliens at issue <u>Zadvydas</u> were permanent residents who had not left the country.

9 <u>Id.</u> at 692-94. Thus, this Court finds that the holding in <u>Mezei</u> – the indefinite detention of a

10 once lawfully admitted alien who was refused admission upon his return to the United States

11 does not violate the Constitution – requires the Petition at issue here be denied.

12 **B.    <u>Section 1231 Does Not Apply</u>**

13    It is worth noting that, on March 15, 2007, the Ninth Circuit Court of Appeals issued a

14 memorandum disposition denying, in part, and dismissing, in part, Petitioner's Petition for

15 Review. <u>See</u> 2007 WL 796049 (9th Cir. March 15, 2007). Although Section 1231 begins to

16 apply when the removal order becomes final (8 U.S.C. § 1231(a)(1)(B)(ii)), the Ninth Circuit

17 has not yet issued its mandate. Thus, section 1231 does not yet apply.[2]

18                                          **CONCLUSION**

19    For the reasons set forth above,

20    **IT IS HEREBY ORDERED** that the Court adopts and incorporates the Report and

21 Recommendation of Magistrate Judge Charles R. Pyle, with the above additions. (Dkt. 16.)

22    **IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus

23 pursuant to 28 U.S.C. § 2241 is **DENIED**. (Dkt. 1.) The Clerk of Court shall terminate this

24 action accordingly.

25

26 _____

27    [2] For this reason, the Ninth Circuit's holding in <u>Xi v. I.N.S.</u>, 298 F.3d 832 (9th Cir. 2002), is
not applicable here. <u>See id.</u> at 834 (section 1231, as applied to inadmissible and deportable aliens, does
28 not permit indefinite post-removal detention).

1      **IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order

2 to all parties as well as to Magistrate Judge Charles R. Pyle.

3      DATED this 21st day of March, 2007.

4

5

6                               Stephen M. McNamee
                            United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28